IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILDCAT LICENSING WI, LLC,<br>a Wisconsin Limited Liability Company,<br><br>      Plaintiff<br><br>v.<br><br>JOHNSON CONTROLS, INC.,<br>  a Wisconsin Corporation<br><br>      Defendant | Case No.:  3:13-cv-00328<br><br>JURY TRIAL DEMANDED<br><br>Judge William M. Conley<br>Magistrate Judge Stephen L. Crocker |

**WILDCAT'S MOTION TO DISMISS JCI'S
TORTIOUS INTERFERENCE COUNTERCLAIM
FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, Wildcat Licensing WI, LLC ("Wildcat") moves to dismiss Johnson Controls, Inc.'s ("JCI") Fifth Counterclaim under Federal Rule of Civil Procedure 12(b)(1).  As JCI's willful infringement of Wildcat's patents has nothing to do with JCI's allegations about Wildcat's dealings with JCI's former employee Ronald Odom, JCI's state law tortious interference counterclaim is not factually related to Wildcat's patent infringement case.  As a result, this Court lacks supplemental jurisdiction over that counterclaim.  In the absence of subject matter jurisdiction, the Court should dismiss JCI's fifth counterclaim.

**I.     BACKGROUND**

Wildcat sued JCI for willful patent infringement of two patents on May 10, 2013.  (DE 1.)  On August 16, 2013, JCI filed an Answer to Wildcat's First Amended Complaint that, along with federal claims for declaratory judgments of invalidity and noninfringement, included a counterclaim for "tortious interference of a contractual relationship." In the counterclaim, JCI alleges, among other things, that Wildcat:  1) "knew or should have known . . . or acted with

- 1 -

reckless disregard" of the confidentiality obligations that Ronald Odom, a former JCI employee, owed to JCI; 2) "had discussions with Mr. Odom in which Mr. Odom disclosed confidential JCI information;" 3) accepted encrypted discs containing "a backup of Odom's JCI Lotus Notes email file and attachments with confidential JCI information;" and 4) further "requested and induced Odom to disclose . . . additional JCI confidential JCI documents and/or orally convey additional confidential JCI information." (*See* DE 42 at 27–30.) While JCI did not state any legal basis for the tortious interference claim, is appears to rely upon Wisconsin state law. However, as this counterclaim is not sufficiently related to Wildcat's claim of patent infringement to establish supplemental jurisdiction under 28 U.S.C. § 1367(a), it should be dismissed.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure under 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims where jurisdiction is not conferred by statute. *See Tech Enters., Inc. v. Wiest*, 428 F. Supp. 2d 896, 901 (W.D. Wis. 2006) (dismissing state law claims having underlying facts not related to the federal claims). A court must determine whether it has proper subject matter jurisdiction over every claim and counterclaim. *See id*. at 902 (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526 (7th Cir. 2002). The claimant bears the burden of proof that jurisdiction does exist. *Western Transp. Co. v. Couzens Warehouse & Distributs.*, 695 F.2d 1033, 1038 (7th Cir. 1982) (granting 12(b)(1) motion to dismiss because the claimant did not support its allegation with "competent proof of jurisdictional facts"). JCI cannot establish subject matter jurisdiction here.

Courts may exercise supplemental jurisdiction over state law claims only if the state law claims form part of the "same case or controversy" with a claim over which the court has

original jurisdiction. *See* 28 U.S.C. § 1367(a). Here, under § 1367(a) the question is whether the state law claims are so related to the original claims that they derive from a common nucleus of operative fact. *See Tech Enters.*, 428 F. Supp. 2d at 901 ("[A] federal court can exercise supplemental jurisdiction over a state law claim when the central facts of the federal claim are also the central facts of the state law claim.") (citing *Workers v. Gibbs*, 383 U.S. 715 (1966)).

### III. JCI'S TORTIOUS INTERFERENCE COUNTERCLAIM IS NOT SUBSTANTIALLY RELATED TO JCI'S WILLFUL PATENT INFRINGEMENT

While JCI has improperly failed to identify the legal basis for its fifth counterclaim, it appears that JCI is relying on Wisconsin common law because JCI's answer alluded to a state law cause of action, stating "[t]he Court has supplemental jurisdiction over the related state law claim, Count Five, pursuant to 28 U.S.C. §1367(a)." (DE 42 at 20, 27-30). Wildcat has certainly not located any federal statutory or common law that supports such a claim.

Thus, JCI's state law counterclaim is properly before this Court only if the Court has supplemental subject matter jurisdiction over it. But JCI cannot establish supplemental subject matter jurisdiction over this counterclaim under § 1367(a) because it is not sufficiently related to Wildcat's claim of patent infringement. *See Tech Enters.*, 428 F. Supp. 2d at 901 (dismissing state law claims having underlying facts not related to the claimants federal claims).

Wildcat's claim for willful patent infringement involves issues of infringement, validity, and damages. None of those issues are interwoven with JCI's asserted counterclaim. To assess whether JCI infringed Wildcat's patent requires an analysis of: (1) the meaning and scope of the patent claims asserted to be infringed and (2) a factual inquiry comparing the properly construed claims to the device or method accused of infringing. *See Cybor Corp. v. FAS Techs., Inc*., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc) (citations omitted). That analysis will focus on the validity of Wildcat's patents and the methods JCI used in its manufacturing operations, not JCI's

employment relationship with Mr. Odom.  Similarly, an analysis of the validity of Wildcat's patent involves comparing the properly construed claims to the asserted prior art – which has nothing to do with Mr. Odom's employment.  *See Eli Lilly and Co. v. Zenith Goldline Pharms., Inc.*, 471 F.3d 1369, 1375–76 (Fed. Cir. 2006).  Finally, the effort to calculate damages focuses on the harm Wildcat suffered due to JCI's willful infringement, which again does not relate to Mr. Odom's employment.  *See generally Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1407 (Fed. Cir. 1990).

JCI's counterclaim involves completely different issues.  To prevail on its counterclaim of tortious interference JCI is required to show that (1) it had an actual or prospective contractual relationship with a third party; (2) Wildcat interfered with the contract or the prospective contract; (3) the interference was intentional; (4) there is a causal connection between the interference and damages; and (5) the defendant was not privileged to interfere.  *Minnesota Mining & Mfg. Co. v. Pribyl*, 259 F.3d 587, 602 n.4 (7th Cir. 2001); *Dorr v. Sacred Heart Hosp.*, 228 Wis. 2d 425, 456–57 (1999).  All of those issues center on JCI's contractual relationship with Mr. Odom, Wildcat's alleged actions that resulted in Mr. Odom's alleged violation of his contractual obligation, and any resulting damage to JCI.

Wildcat agrees that Mr. Odom may well be a witness to this action because, on information and belief, Mr. Odom has knowledge pertinent to JCI's willful infringement from his former employment with JCI.  Indeed, JCI seems quite concerned about what Mr. Odom will say, as demonstrated by JCI's attempts to silence Mr. Odom by filing a lawsuit against him in the Eastern District of Michigan and by its attempts to add the counterclaim in this action.  But Wildcat's dealings with Mr. Odom, which occurred entirely *after* Mr. Odom left the employ of JCI, have nothing to do with JCI's willful infringement, even if Mr. Odom has knowledge of that

willful infringement. Considering whether Wildcat improperly acted with Mr. Odom is entirely separate from whether JCI willfully infringed Wildcat's patent, and therefore supplemental jurisdiction does not exist. *See Tech Enters*., 428 F. Supp. 2d 896 at 902.

Courts routinely dismiss claims that lack a common nucleus of operative fact. *See Tech Enters.*, 428 F. Supp. 2d at 901 (dismissing state law claims having underlying facts not related to the claimants federal claims); *see also Insuremax Insurance Agencies, Inc. v. Shanze Enters., Inc*., No.3:13-CV-1231-M, 2013 WL 4014476, at *2 (N.D. Tex. Aug. 7, 2013) (dismissing defendant's counterclaim for tortious interference as it did not share a common nucleus of operative facts with plaintiff's trade dress infringement claim and therefore was not sufficiently related to exercise supplemental jurisdiction over it). Just as in *Insuremax*, Mr. Odom's interactions with Wildcat have no connection to JCI's willful infringement of Wildcat's patents. And "while facts relevant to one claim might provide background with respect to the other, more is required." *Burgess v. Omar*, 345 F. Supp. 2d. 369, 370–72 (S.D.N.Y. 2004) (explaining that even where some facts may be common to the complaint and the counterclaims, the focus of the counterclaims cannot be entirely different and must arise out of a nucleus of operative facts common to the complaint).

## IV. CONCLUSION

For all of these reasons, Wildcat respectfully requests that the Court dismiss JCI's counterclaim for tortious interference of a contractual relationship (Count Five).

Dated: September 16, 2013                    Respectfully submitted,

*/s/ Randal S. Alexander*
Thomas G. Pasternak
Randal S. Alexander (pro hac vice)
Steptoe & Johnson LLP
115 South LaSalle Street
Suite 3100
Chicago, IL  60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370
tpasternak@steptoe.com
ralexander@steptoe.com

***Attorneys for Wildcat Licensing WI, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013, I caused a copy of the foregoing WILDCAT'S MOTION TO DISMISS JCI'S TORTIOUS INTERFERENCE COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to the attorneys of record.

                By:    /s/ *Randal S. Alexander*
                              Randal S. Alexander