# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILDCAT LICENSING WI, LLC, <br> a Wisconsin Limited Liability Company, <br><br>         Plaintiff and <br>         Counterclaim Defendant, <br><br>    vs. <br><br> JOHNSON CONTROLS, INC., <br> a Wisconsin Corporation, <br><br>         Defendant and <br>         Counterclaim Plaintiff. | Case No.:  3:13-cv-00328-wmc <br><br> JURY TRIAL DEMANDED <br><br> Judge William M. Conley <br> Magistrate Judge Stephen L. Crocker |

## JOHNSON CONTROLS, INC.'S RESPONSE TO WILDCAT'S MOTION TO DISMISS JCI'S TORTIOUS INTERFERENCE COUNTERCLAIM

Wildcat Licensing WI, LLC's ("Wildcat") motion to dismiss Johnson Controls, Inc.'s ("JCI") counterclaim for tortious interference with contractual relationship ignores the most significant aspect of that counterclaim for jurisdictional purposes:  it relates entirely to Wildcat's conduct *in this litigation*.  As a result, the counterclaim is an integral part of this case and controversy and it is appropriate for this Court to exercise supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367.

Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  While the state and federal claims must "derive from a common nucleus of operative facts," "[a] loose factual connection between the claims is generally sufficient" to support the assertion of supplemental jurisdiction.  *Baer v. First Options*, 72 F.3d 1294, 1299 (7th Cir. 1995).  "The rationale of the supplemental

jurisdiction is economy in litigation." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).

JCI's counterclaim for tortious interference with contractual relationship has more than a "loose factual connection" with the other existing claims in this litigation. In fact, JCI's counterclaim arises from Wildcat's actions in this litigation. The claim relates to Wildcat's conduct with respect to a former JCI employee, Ronald Odom. Wildcat concedes that "Mr. Odom may well be a witness in this action" because he supposedly has evidence relevant to Wildcat's infringement allegations. (Wildcat Mot. at 4.) JCI believes that Mr. Odom's testimony will actually support JCI's defenses. Regardless, it is the methods by which Wildcat obtained evidence from Mr. Odom that is at issue in JCI's counterclaim. JCI's proposed second amended counterclaims, filed concurrently with this response, provide additional factual support for this specific counterclaim, and JCI will reference those new facts in this response.

Mr. Odom was bound by a non-disclosure agreement ("NDA") with JCI. (Dkt. No. 42 ¶¶ 26-29.) JCI alleges that Wildcat's sole member, Jeffrey Salmon, contacted Mr. Odom and had him enter into a consulting agreement with Wildcat for purposes of this litigation. (*See* Dkt. No. 53 (Prop. Sec. Am. Ctrclm.) ¶ 83.) Mr. Salmon, an attorney, knew or should have known that Mr. Odom was bound by an NDA that would prohibit him from disclosing information to Wildcat outside the terms of a protective order issued in this litigation. (*See id.* ¶¶ 84, 90.) Nevertheless, after filing this litigation, Mr. Salmon and ███████████████████████ ████████████████████████████ worked together to have Mr. Odom send Wildcat twelve computer discs containing JCI confidential information. (*See id.* ¶¶ 93-95.) When JCI's counsel learned about the disclosure of the computer discs to Wildcat they notified Wildcat's counsel that the discs contained JCI confidential information and that the information should not

have been disclosed outside of the discovery process in this case.  (*See id.* ¶ 102 & Ex. 15.)
Even after that, however, ███████ continued to communicate with Mr. Odom about JCI
confidential information in violation of Mr. Odom's obligations under the NDA.  (*See id.* ¶ 96.)

It is appropriate for a court to exercise supplemental jurisdiction over claims arising from
conduct in that litigation.  For example, in *Baer*, the Seventh Circuit held that it was appropriate
for the district court to exercise supplemental jurisdiction over a contractual dispute between
attorneys over the allocation of attorney fees even though the underlying federal litigation that
gave rise to the dispute had been dismissed.  *See* 72 F.3d at 1301.  The Seventh Circuit
concluded that, under those circumstances, the fee dispute was "part of the same 'case or
controversy' as the underlying litigation."  *Id.*

The fact that Wildcat's tortious conduct is part of its litigation of its claims in this case
distinguishes this dispute from the decisions cited in Wildcat's motion.  In all three cases, *Tech
Enters., Inc. v. Wiest*, 428 F. Supp. 2d 896 (W.D. Wis. 2006), *Insuremax Ins. Agencies, Inc. v.
Shanze Enters., Inc.*, 2013 WL 4014476 (N.D. Tex. Aug. 7, 2013), and *Burgess v. Omar*, 345 F.
Supp. 2d 369, 370-72 (S.D.N.Y. 2004), the conduct giving rise to the parties' state law claims
had nothing to do with the parties' conduct in that litigation or the underlying federal law
claims.  Thus, it was not surprising that the courts found the state law claims were not part of the
same case or controversy as the federal law claims.  Here, by contrast, JCI's counterclaim and
Wildcat's alleged conduct are, quite literally, part of this case and implicate the Court's control
over the conduct of discovery, witnesses, and the parties to this litigation.  Accordingly, it is
appropriate for the Court to exercise supplemental jurisdiction over JCI's counterclaim for
tortious interference with contractual relations.

For the reasons stated above, JCI respectfully requests that the Court deny Wildcat's motion to dismiss JCI's counterclaim for tortious interference with contractual relations.

Dated:  October 7, 2013

By:  s/Jeffrey A. Simmons
    Jeffrey A. Simmons, SBN 1031984
    **FOLEY & LARDNER LLP**
    150 E. Gilman Street
    Madison, WI 53703
    Telephone:  (608) 257-5035
    Facsimile:  (608) 258-4258
    jsimmons@foley.com

    Peter B. Bensinger, Jr. (IL 6217347)
    Matthew W. Brewer (IL 6298257)
    Katharine A. Roin (IL 6302872)
    **BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
    54 West Hubbard Street, Suite 300
    Chicago, Illinois 60654
    Telephone:  (312) 494-4400
    Facsimile:  (312) 494-4440
    peter.bensinger@bartlit-beck.com
    matthew.brewer@bartlit-beck.com
    kate.roin@bartlit-beck.com

    *Attorneys for Defendant*
    *Johnson Controls, Inc.*