IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

WILDCAT LICENSING WI, LLC,

                    Plaintiff,                      ORDER

    v.

                                                  13-cv-328-wmc

JOHNSON CONTROLS, INC.,

                    Defendant.
───────────────────────────────────────────────

      In this patent infringement lawsuit, plaintiff Wildcat Licensing WI, LLC moves the court for an early claims construction or *Markman* hearing, as well as the opportunity to provide the court with a technology tutorial. (Dkt. #44.) Plaintiff's request is consistent with this court's past practice of construing claims in advance of summary judgment. Given the inefficiencies of that practice, the court now considers requests to construe claims alongside any summary judgment motions. (*See* Prelim. Pretrial Conf. Order (dkt. #26) ¶ 4. ("The court no longer holds claims construction hearings prior to or separately from summary judgment proceedings. Instead, the court will consider and rule on requests for claims construction as part of the summary judgment motions practice.").) The court made this change after repeatedly expending significant resources construing myriad claims, most of which proved immaterial to the core issues of infringement or invalidity.

      In support of its motion, Wildcat contends that an early claims construction (1) could narrow the issues of infringement and validity for summary judgment; and (2) provide the court with a tutorial to better understand fairly complicated technology. As for the first basis, the *possibility* that claims construction may narrow the issues for summary judgment is true for virtually all patent cases, and is not a legitimate basis for treating this case

differently. Moreover, any efficiencies gained in an early claims construction are off-set by time wasted in construing superfluous claims and further time spent revisiting claims construction at the summary judgment stage. While the court might consider an early claims construction when both parties agreed that the construction of a few key terms would meaningfully advance the case in some material way (*e.g.,* eliminate the necessity of a further liability determination), no such stipulation or showing has been made here.

On the contrary, Johnson Controls opposes the motion for early claims construction on the basis that its own summary judgment motion may resolve the dispute without requiring the court to construe any patent terms or claims. In a proposed reply brief,[1] Wildcat challenges Johnson Controls' argument, but the court need not resolve this issue other than to note that the possibility of this patent dispute being dismissed without construing immaterial claims provides further support for denying Wildcat's request for an early claims construction hearing.

As for the second proffered reason, the fact that the technology may be particularly complicated is not a basis for having an early claims construction hearing, though it may provide a basis for having a hearing during which the court can receive a "technology tutorial." That hearing, however, can occur after both summary judgment and claims construction motions are under advisement. As indicated in the preliminary pretrial conference, the court is willing to hold a hearing roughly thirty days after those motions come under advisement. (Prelim. Pretrial Conf. Order (dkt. #26) ¶ 4.)

---

[1] Wildcat moved for leave to file a reply brief (dkt. #52), which the court grants and has considered the reply in denying the present motion.

ORDER

IT IS ORDERED that

1) plaintiff Wildcat Licensing WI, LLC's motion for an early *Markman* hearing (dkt. #44) is DENIED;

2) plaintiff's motion for leave to file a reply brief (dkt. #52) is GRANTED;

3) plaintiff's motion for entry of an order limiting claims and prior art references (dkt. #39) is DENIED as moot, in light of the parties' joint stipulation for limitations on the asserted claims and prior art references (dkt. #51).

Entered this 15th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge