**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| WILDCAT LICENSING WI, LLC,<br>a Wisconsin Limited Liability Company,<br><br>     Plaintiff<br><br>v.<br><br>JOHNSON CONTROLS, INC.,<br>a Wisconsin Corporation<br><br>     Defendant | Case No.:  3:13-cv-00328<br><br>JURY TRIAL DEMANDED<br><br>Judge William M. Conley<br>Magistrate Judge Stephen L. Crocker |

**WILDCAT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
JCI'S TORTIOUS INTERFERENCE COUNTERCLAIM[1]**

JCI proves Wildcat's point by admitting that "it is the methods by which Wildcat obtained evidence from Mr. Odom that is [sic] at issue in JCI's counterclaim [of tortious interference of a contractual relationship]."  (DE 55 at 2.)  Those "methods," whatever they are, have nothing to do with Wildcat's claim of willful patent infringement by JCI, and the state law claim should be dismissed for lack of jurisdiction.  The facts that must be proved for each cause of action have no overlap, and certainly do not share the required common nucleus of operative facts.  *See* 28 U.S.C. § 1367.

---

[1] In addition to JCI's Response to Wildcat's Motion to Dismiss JCI's Tortious Interference Counterclaim (DE 55), JCI concurrently moved for leave to file its proposed Second Amended Answer, Affirmative Defenses, and Counterclaims.  (DE 53.)  Wildcat opposes JCI's motion for leave to file its proposed Second Amended Answer to the extent that the proposed Second Amended Answer includes a tortious interference of a contractual relationship counterclaim for which the Court lacks subject matter jurisdiction as explained *infra* and in Wildcat's motion to dismiss.  (DE 48.)  Wildcat respectfully requests, should the Court grant JCI's motion for leave to file, the Court dismiss JCI's Second Amended Answer's tortious interference counterclaim.

**I.      JCI's Willful Patent Infringement Has Nothing To Do With Wildcat's Dealings with Ron Odom.**

Federal courts can only extend supplemental jurisdiction over claims that are "so related" as to "form part of the same case or controversy" of the original claims—specifically, that the state and federal claims must derive from a "common nucleus of operative facts." *Tech Enters., Inc. v. Wiest*, 428 F. Supp. 2d 896, 901 (W.D. Wis. 2006). "Common nucleus of operative facts," as explained by Judge Crabb in *Tech Enterprises,* means that the "central facts of the federal claim [must] also [be] the central facts of the state law claim" in order for a district court to exercise supplemental jurisdiction over state law claims. *Id*. (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) (dismissing a misappropriation of trade secrets state law claim, among others, in a trademark infringement action.) Explaining further, Judge Crabb noted that when the state law claim "requires the court to consider facts entirely different from those underlying the federal law claims, this court will not exercise supplemental jurisdiction over it." *Id.*

That is exactly the situation here. JCI ignores the law and attempts to confuse the matter by reframing the fundamental facts at issue in this litigation and in JCI's counterclaim. Rather than focusing on the central facts of the case, JCI focuses solely on the *timing* of Wildcat's interactions with Ron Odom. (DE 55 at 1, 3.) JCI does not even try to establish (because it cannot) a "common nucleus of operative facts" between the state law claim and the federal claim. No matter how JCI attempts to frame its counterclaim, it does not change the facts that JCI must prove for its counterclaim. Those facts have nothing to do with, and certainly are not *central* to, Wildcat's claim for willful patent infringement. (*See* DE 48 at 3–5 (outlining the factual issues relevant to Wildcat's patent infringement claim versus JCI's tortious interference counterclaim).) Any argument to the contrary ignores the guidance provided by Judge Crabb in *Tech Enterprises*.

- 2 -

**II.     JCI's Case Law Does Not Support its Position.**

*Baer v. First Options of Chicago, Inc.* does not stand for the proposition that conduct during litigation gives rise to supplemental jurisdiction, as JCI suggests.  (*See* DE 55 at 3.)  In *Baer*, the Seventh Circuit did not consider when the "conduct" occurred, but rather focused on terms and conditions of a settlement agreement negotiated by the parties and brought to the district court for approval and for an order dismissing the case.  *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1301 (7th Cir. 1995).  The agreement specifically acknowledged the attorney fee dispute and included a provision to resolve it.  *Id.*  The *Baer* court noted that the district court had "jurisdiction to approve the parties' independently negotiated settlement, and that *jurisdiction of necessity* encompassed the terms of the settlement agreement."  *Id.* (emphasis added).  The court further explained "a district court may, in its discretion, set forth as one of the terms of its order its continuing jurisdiction over the settlement agreement" and expressly recognized that was the case at bar, noting that the district court's "affirmative control over the manner in which the suit would be resolved and funds distributed . . . brings the matter squarely within the courts supplemental jurisdiction."  *Id.* at 1301 n.7.

JCI's claim that a "loose factual connection between claims is generally sufficient" to support supplemental jurisdiction is likewise deficient.  (*See* DE 55 at 1–2 (quoting *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).  Here, there is *no* factual connection between the claims.  None of its factual allegations have anything to do with Wildcat's claim of willful patent infringement.  JCI's and Wildcat's respective contractual relationships with Ron Odom are apples to the oranges of a determination of whether JCI infringes the claims of Wildcat's patents.  JCI is in essence saying "these facts are related to patent infringement because we say they are."

- 3 -

## II.    CONCLUSION

For the reasons above and in its opening brief, Wildcat respectfully requests this Court dismiss JCI's tortious interference counterclaim with prejudice.

Dated:  October 17, 2013                    Respectfully submitted,

                                            */s/ Randal S. Alexander*
                                            Thomas G. Pasternak
                                            Randal S. Alexander (pro hac vice)
                                            Steptoe & Johnson LLP
                                            115 South LaSalle Street
                                            Suite 3100
                                            Chicago, IL  60603
                                            Telephone: (312) 577-1300
                                            Facsimile: (312) 577-1370
                                            tpastern@steptoe.com
                                            ralexander@steptoe.com

                                            **Attorneys for Wildcat Licensing WI, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2013, I caused a copy of the foregoing WILDCAT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS JCI'S TORTIOUS INTERFERENCE COUNTERCLAIM to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to the attorneys of record.


By:     /s/  *Randal S. Alexander*
                Randal S. Alexander