IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILDCAT LICENSING WI, LLC, a Wisconsin Limited Liability Company, | ) ) ) |
| Plaintiff and Counterclaim Defendant, | ) Case No.: 3:13-cv-00328-wmc ) ) |
| vs. | ) JURY TRIAL DEMANDED ) |
| JOHNSON CONTROLS, INC., a Wisconsin Corporation, | ) Judge William M. Conley ) Magistrate Judge Stephen L. Crocker ) |
| Defendant and Counterclaim Plaintiff. | ) ) |

**JOINT MOTION OF WILDCAT LICENSING WI, LLC AND JOHNSON CONTROLS, INC. TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**

I. SUMMARY

Plaintiff Wildcat Licensing WI, LLC ("Wildcat") and Defendant Johnson Controls, Inc. ("JCI") jointly move the Court for a tailored stay of the proceedings in this case in view of JCI's recently-filed petitions with the U.S. Patent and Trademark Office ("PTO") for *inter partes* review of all of the patent claims at issue in this case. The grounds for this motion are set forth below.

On December 27, 2013, JCI filed two petitions for *inter partes* review ("IPR") of U.S. Patent Nos. 6,763,573 (the `573 Patent) and 7,062,831 (the `831 Patent) seeking review of all of the asserted patent claims at issue in this case (claims 24 and 25 of the `573 Patent and claims 22-28 of the `831 Patent). Copies of JCI's petitions are attached as exhibits to this motion. Wildcat and JCI agreed that it would be in the interests of the Parties and the Court to have a tailored stay of further proceedings in this case, as set forth below and provided in detail in the

1

Joint Stipulation on Limited Discovery During the Stay of Litigation Pending *Inter Parte*s Review, which is filed concurrently herewith.

Thus, the Parties have agreed as follows:

1. All discovery and proceedings, except for the limited discovery in 2 and 3 below, in this case shall be stayed on the following conditions:

    a. if the Patent Office decision grants JCI's Petitions on all of the asserted claims, then this case shall be stayed until a final written decision in the *inter partes* review under 35 U.S.C. § 318(a) is rendered, at which point the stay shall continue and the Parties shall advise the Court of the final written decision and propose a case schedule and/or continued stay;

    b. if the Patent Office decision denies JCI's Petitions as to all of the asserted claims, then the stay shall be lifted and the Parties shall advise the Court of the Patent Office decision and propose a case schedule and/or continued stay; and

    c. if the Patent Office decision grants JCI's Petitions as to some but not all of the asserted claims, the stay shall continue and the Parties shall advise the Court of the Patent Office decision and propose a case schedule and/or continued stay.

2. The discovery sought under Topic 3 of Wildcat's Second Notice of 30(b)(6) Deposition of Johnson Controls, Inc., served December 13, 2013, shall take place on the condition that the scope of Topic 3 is limited to JCI's "Standards" as that term is defined in Wildcat's notice and does not encompass plant-specific operations and policies. Wildcat reserves the right to take discovery on the

4848-2720-5656.1

       remaining topics in Wildcat's Second Notice of 30(b)(6) Deposition after the stay is lifted, and JCI reserves the right to object to such topics. Wildcat shall be permitted to conduct reasonable follow-up discovery that relates directly to testimony provided during the Rule 30(b)(6) deposition. In the event the Parties have a dispute regarding this discovery and cannot resolve this dispute, the Parties may raise the issue with the Court.

3. The discovery sought under the document subpoenas to Michael A. Walt II and Samuel A. Walt ("the Named Inventors"), served on December 16, 2013, shall take place. JCI shall be permitted to conduct reasonable document production follow-up discovery that relates directly to the document subpoenas. In the event the Parties have a dispute regarding this discovery and cannot resolve this dispute, the Parties may raise the issue with the Court.

## II. BASES FOR THE TAILORED STAY

It is anticipated that the proceedings in the Patent Office should proceed under the following schedule:

    By April 2014 – Wildcat Preliminary Response. Within 3 months from the date of notice indicating that JCI's Petitions have been granted a filing date ("Date of Notice"), Wildcat may file a preliminary response. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b).

    By July 2014 – PTO Decision on JCI's Petition. Within 3 months from the filing of Wildcat's preliminary response, but no later than 6 months after the Date of Notice filing of the Petition, the Patent Office shall render a decision on the Petition to determine if the *inter partes* review is instituted and thus proceeds. 35 U.S.C. § 314(b). The denial of the Petition is not appealable. 35 U.S.C. § 314(d).

    By July 2015 – Final Decision if Review Instituted. If the *inter partes* review is instituted, within 1 year, but no more than 1 year and 6 months after institution, the Patent Office shall render a final written decision for the *inter partes* review. 35

U.S.C. §§ 318(a), 316(a)(11). The final written decision is appealable. 35 U.S.C. § 319.

"District courts' inherent power to control their own docket provides them with broad discretion to stay proceedings." *HY-Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168-wmc, 2010 U.S. Dist. LEXIS 49243, at *2 (W.D. Wis. May 19, 2010); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citation omitted)). Many courts have adopted "'a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination and reissuance proceedings.'" *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587-DMR, 2013 U.S. Dist. LEXIS 178547, at *13 (N.D. Cal. Dec. 18, 2013) (quoting *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)); *see also, e.g.*, *Indus. Tech. Research Inst. v. LG Elecs. Inc.*, No. 12-949 (ES), 2013 U.S. Dist. LEXIS 130918, at *9 (D. N.J. Sept. 12, 2013); *NUtech Ventures v. Norman Noble, Inc.*, No. 1:12-cv-2326, 2013 U.S. Dist. LEXIS 133092, at *4 (N.D. Ohio May 30, 2013); *Hill-Rom Servs., Inc. v. Stryker Corp.*, No. 1:11-cv-1120-JMS-DKL, 2012 U.S. Dist. LEXIS 165470, at *3 (N.D. Ind. Nov. 20, 2012).

Congress's intent in creating the *inter partes* review process weighs in favor of granting a stay when it is requested by both Parties to a patent infringement suit. *Inter partes* review was created as part of the America Invents Act ("AIA"). The purpose of the AIA was "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.). Congress intended the AIA to "provide[] more coordination between district court infringement

litigation and *inter partes* review to reduce duplication of efforts and costs." *Id*. at 48,721. In crafting the regulations governing *inter partes* review, the PTO expressly sought "to create a timely, cost-effective alternative to litigation." *Id*. at 48,680.

To make *inter partes* review a more attractive alternative to litigation than the PTO reexamination proceedings it replaced, Congress and the PTO designed the process to be both faster and more rigorous in its technical analysis. The district court in *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028 (C.D. Cal. 2013), succinctly described the process as follows:

> *[I]nter partes* review will be conducted before a panel of three technically-trained Administrative Patent Judges of the newly formed Patent Trial and Appeal Board ….
>
> * * *
>
> After a party has filed a petition requesting *inter partes* review, the patent owner has three months to file a preliminary response opposing the request. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). Within three months of the time set for the patent owner's response, the PTO will grant the *inter partes* review request if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). This standard for granting review is more stringent than the previous "substantial new question of patentability" standard. If the PTO grants review, a final determination must be issued "not later than 1 year" after the petition is granted. 35 U.S.C. § 316(a)(11). The one-year period may be extended for good cause by not more than 6 months, although "[e]xtensions of the one-year period are anticipated to be rare." 77 Fed. Reg. at 48,695. The patent owner has an opportunity to add or amend claims during *inter partes* review. 35 U.S.C. § 318(b). After review concludes, the requester is estopped from asserting that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).

943 F. Supp. 2d at 1030.

Conclusions in *inter partes* review proceedings are binding in concurrent infringement litigation. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013). If during review "the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails." *Id.* at 1340. Conversely, if the petition results in a final written decision by the Patent Trial and Appeal Board with respect to the patentability of any challenged claim, the petitioner is estopped from asserting that the claim is invalid on any ground that the petitioner "raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

Courts consider the following factors in determining whether to stay proceedings: "'(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the Parties and on the court.'" *HY Cite*, 2010 U.S. Dist. LEXIS 49243, at *2-3 (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915 (W.D. Wis. 2010)). Here, only factors 1, 3 and 4 are at issue.

### A. The Early Stage Of This Litigation Favors A Stay

Courts are inclined to grant a stay pending *inter partes* review when there is "more work ahead of the parties and the Court than behind the parties and the Court." *Semiconductor Energy Lab. Co v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *5 (C.D. Cal. Dec. 9, 2012) (internal quotation marks omitted); *see also e-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 U.S. Dist. LEXIS 138198, at *7-8 (quoting *Semiconductor Energy*); *Pi-Net Int'l, Inc. v. Hertz Corp.*, Nos. CV 12-10012 PSG (JEMx), CV 12-4270 PSG

(JEMx), CV 12-4036 PSG (JEMx), 2013 U.S. Dist. LEXIS 81570, at *6 (C.D. Cal. June 5, 2013) (quoting *Semiconductor Energy*).

In this case, the Parties have far more work ahead of them than behind them. The case has been pending for only seven months and under the present schedule there are ten months until trial. While the Parties have exchanged written discovery, document production is not complete and no depositions have been taken.

Moreover, the Parties dispute whether numerous inspections of JCI facilities may be necessary for Wildcat's infringement case. This dispute has not yet been resolved and none of these plant inspections have been scheduled. Wildcat's limited discovery, which is to take place during the stay, is designed to address and provide evidence to resolve this dispute, and more efficiently schedule further discovery, when the stay is lifted.

The Parties must also disclose their expert witnesses and reports within the next few months, finish briefing Wildcat's pending motion for partial summary judgment, and brief any additional dispositive motions that may be filed before the dispositive motion deadline. The Parties were in the process of negotiating a proposed modification to the scheduling order to allow more time for certain discovery when JCI filed its petitions for *inter partes* review, and will propose such a modification if the case is not stayed.

Numerous courts have granted stays in cases that were at a similar or more advanced stage of proceedings than here. *See, e.g., e-Watch*, 2013 U.S. Dist. LEXIS 138198, at *7-8 (motion for stay filed after case had been pending ten months, but claim construction briefs and dispositive motions had not been filed); *Indus. Tech. Research Inst.*, 2013 U.S. Dist. LEXIS 130918, at *17, *25-26 (defendant filed for reexamination 22 months after commencement of suit, parties had exchanged proposed claim constructions, exchanged written discovery, but no depositions had

been taken and expert discovery had not begun); *Evolutionary Intelligence*, 2013 U.S. Dist. LEXIS 178547, at *28 (granting stay where defendant filed IPR one year after plaintiff filed complaint); *Hill-Rom Servs.*, 2012 U.S. Dist. LEXIS 165470, at *3-4 (defendant moved for stay 16 months after suit was filed and after *Markman* briefing had occurred); *SoftView LLC v. Apple Inc.*, Nos. 12-989-LPS, 10-389-LPS, 2013 U.S. Dist. LEXIS 125900, at *10 (granting stay where fact discovery and *Markman* process were complete); *Pi-Net Int'l*, 2013 U.S. Dist. LEXIS 81570, at *7 (discovery not complete, claim construction had not taken place, and trial was 13 months away); *cf. Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 U.S. Dist. LEXIS 144919, at *17-18, *20 (W.D. Wash. Oct. 7, 2013) (granting stay pending completion of AIA's analogous "Commercial Business Method" review process where trial was 10 months away, no depositions had occurred, claim construction briefing had not occurred, and deadline for dispositive motions was months away).

### B. A Stay Will Simplify The Issues And Streamline The Trial

The *inter partes* review has the potential to significantly simplify the issues in this case and streamline any potential trial. JCI has petitioned the PTO to review all of the patent claims at issue in this case. If the litigation is not resolved completely by the *inter partes* review process, the Parties can save significant litigation costs by conducting fact and expert discovery around a more narrow set of issues. If some or all of those claims are invalidated, the issues in the case will be narrowed or the case will be dismissed. On the other hand, if the PTO issues a written decision in Wildcat's favor, JCI will be estopped from raising any defenses to those claims that it "raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2); *see also Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46-WSD, 2013 U.S. Dist. LEXIS 158608, at *15-16 (N.D. Ga. Nov. 5, 2013) ("Because any decision issued by the PTO will significantly simplify the issues in this matter, either by precluding Defendants' validity defenses or limiting, if

not mooting, the entire action, the Court finds that any delay that may occur while the PTO review is processed is outweighed by the benefits of awaiting PTO review."); *SoftView*, U.S. Dist. LEXIS 125900, at *9 (finding case would be simplified where defendant sought *inter partes* review of all claims at issue in lawsuit).

### C. A Stay Will Reduce The Burden On The Court And The Parties

Finally, granting a stay will greatly reduce the burden on the Court and the Parties. This case has already seen a great deal of motion practice in just the seven months it has been pending. The most labor-intensive portions of the case are yet to come. The Parties must still prepare expert reports, take numerous depositions, potentially conduct numerous inspections of JCI's manufacturing facilities, complete briefing on Wildcat's existing motion for partial summary judgment, and brief additional dispositive motions. Some or all of this burden may be eliminated by the *inter partes* review.

Moreover, the limited discovery sought by the Parties during the period before the Patent Office decision on JCI's Petitions will address certain matters that will enable to Parties to advance the case in a more efficient manner if or when the litigation commences. Further, this discovery, in conjunction with Patent Office proceedings may clarify issues for the Parties and thus advance settlement of the case.

## CONCLUSION

Given the current stage of this litigation, the promise of *inter partes* review to greatly simplify issues or eliminate the case entirely, and the concomitant reduction in the burden on the Court and the Parties, this Court should grant the Parties' joint motion to stay these proceedings pending the resolution of JCI's pending petitions for *inter partes* review.

4848-2720-5656.1

Dated: January 17, 2014

| | |
|---|---|
| */s/*  Thomas G. Pasternak | */s/*  Jeffrey A. Simmons |
| Thomas G. Pasternak<br>Glen P. Belvis<br>Randal S. Alexander<br>STEPTOE & JOHNSON LLP<br>115 South LaSalle Street, Suite 3100<br>Chicago, IL  60603<br>Telephone: (312) 577-1300<br>Facsimile: (312) 577-1370<br>tpasternak@steptoe.com<br>gbelvis@steptoe.com<br>ralexander@steptoe.com<br><br>**Attorneys for Wildcat Licensing WI, LLC** | Jeffrey A. Simmons, SBN 1031984<br>FOLEY & LARDNER LLP<br>150 E. Gilman Street<br>Madison, WI 53703<br>Telephone: (608) 257-5035<br>Facsimile: (608) 258-4258<br>jsimmons@foley.com<br><br>Peter B. Bensinger, Jr.<br>Matthew W. Brewer<br>Katherine A. Roin<br>Bartlit Beck Herman Palenchar & Scott LLP<br>54 W. Hubbard Street, Suite 300<br>Chicago, IL 60654<br>Telephone: 312-494-4400<br>Facsimile: 312-494-4440<br>peter.bensinger@bartlit-beck.com<br>matthew.brewer@bartlit-beck.com<br>kate.roin@bartlit-beck.com<br><br>**Attorneys for Johnson Controls, Inc.** |