IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILDCAT LICENSING WI, LLC,

        Plaintiff,        OPINION AND ORDER

  v.                 13-cv-328-wmc

JOHNSON CONTROLS, INC.,

        Defendant.

---

   In this lawsuit, plaintiff Wildcat Licensing WI, LLC alleges defendant Johnson Controls, Inc. ("JCI") infringed two of its patents.  In answering Wildcat's complaint, JCI asserts counterclaims for invalidity, noninfringement, and tortious interference of contracts.  The latter concerns Wildcat's alleged involvement with a former employee of JCI in violation of the employee's confidentiality agreement.  Before the court are two related motions:  (1) plaintiff's motion to dismiss defendant's tortious interference counterclaim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (dkt. #48); and (2) defendant's motion for leave to file a second amended answer, affirmative defenses and counterclaims (dkt. #53).  For the reasons that follow, the court will deny plaintiff's motion to dismiss and grant defendant's motion for leave to amend its pleading.

   In addition to these pending motions, the parties recently filed a joint stipulation to stay litigation pending *inter partes* review of plaintiff's patents pursuant to 35 U.S.C. §§ 311-319.  (Dkt. #85.)  The court will grant the motion and administratively close this

case.  The parties are free to engage in the discovery contemplated by the parties' joint stipulation while that stay is in place.

BACKGROUND

On May 10, 2013, Wildcat filed its complaint, alleging willful patent infringement of two of its patents.  (Compl. (dkt. #1).)  On August 16, 2013, JCI filed its amended answer and asserted several counterclaims, including tortious interference of a contractual relationship.  (Def.'s Am. Answer & Counterclaims (dkt. #42); *see also* Def.'s Proposed 2d Am. Counterclaim (dkt. #53-1).)[1]

JCI alleges that Wildcat's sole member Jeffrey Salmon contacted a former JCI employee Ronald Odom and had him enter into a consulting agreement with Wildcat for the purposes of this litigation.  (Def.'s Proposed 2d Am. Counterclaim (dkt. #53-1) ¶ 83.)  Defendants allege that Salmon, an attorney, knew or should have known that Odom was bound by a non-disclosure agreement.  (*Id.* at ¶¶ 84, 90.)  Defendants further allege that Salmon and Michael Walt, an investor in Wildcat and a named inventor of the patents-in-suit, worked with Odom to secure computer discs containing JCI confidential information.  (*Id.* at ¶¶ 93-95.)

After JCI learned of this alleged breach, its counsel notified Wildcat's counsel that the discs contained JCI confidential information which should not have been disclosed.

---

[1] The court refers to the second amended answer for purposes of describing the allegations underlying the tortious inference counterclaim.

2

(*Id.* at ¶ 102.)  Still, JCI alleges Walt continued to communicate with Odom in violation of Odom's agreement with JCI.  (*Id.* at ¶ 96.)

On October 7, 2013 -- the same day that its opposition to plaintiff's motion to dismiss was filed -- defendant filed a motion for leave to file a second amended answer, affirmative defenses and counterclaims.  (Dkt. #53.)  According to the preliminary pretrial conference order, amendments to pleadings were due on or before August 16, 2013.  (Dkt. #26.)  In the proposed amended pleading, JCI seeks to add two counterclaims to correct errors with regard to the inventorship of the two patents-in-suit and to add new facts -- some of which are described above -- supporting JCI's tortious interference counterclaim.  JCI represents that it learned of these new facts at Odom's deposition, which occurred approximately one month before the filing of JCI's motion.

ORDER

## I.  Plaintiff's Motion to Dismiss

From the face of the pleadings, it appears that the parties are citizens of the same state.  As such, the only way defendant's tortious interference claim premised on state law is properly before the court is if it falls within this court's supplemental jurisdiction.  Title 28 U.S.C. § 1367(a) provides in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are *so related to claims in the action* within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

(Emphasis added.)

Plaintiff seeks to dismiss defendant's tortious interference claim on the basis that "this counterclaim is not sufficiently related to Wildcat's claim of patent infringement to establish supplemental jurisdiction." (Pl.'s Mot. (dkt. #48) 2.) Specifically, plaintiff contends that its infringement claims and defendant's counterclaims of noninfringement will focus on the meaning and scope of the patent claims and a comparison of the claims to the allegedly infringing device or method. Defendant's counterclaim for invalidity will also require a comparison of those same claims to the asserted prior art. In contrast, plaintiff argues defendant's tortious interference counterclaim concerns entirely different issues.

In response, defendant contends that the alleged facts underlying its tortious interference claim "relate[] entirely to Wildcat's conduct *in this litigation*." As such, defendant maintains a "loose factual connection" exists between the patent infringement, invalidity and state law claims. (Def.'s Opp'n (dkt. #55) 1 (quoting *Baer v. First Options*, 72 F.3d 1294, 1299 (7th Cir. 1995)).)

The court agrees. Defendant's counterclaim for tortious interference concerns plaintiff's alleged conduct in anticipation of or during this lawsuit and, thus, is distinguishable from cases cited by plaintiff. (Pl.'s Br. (dkt. #48) 5 (citing cases).) Moreover, the alleged conduct is "sufficiently related" to the core patent claims so far as plaintiff maintains a request for equitable relief -- which, in turn, will require a showing of clean hands. *See Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181 (7th Cir. 1993) ("The statute extends the jurisdiction of the federal district court to all claims

sufficiently related to the claim on which its original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution."); *see also Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (reiterating that a "loose factual connection" is sufficient to satisfy the requirement of § 1367(a)).  Accordingly, the court finds both that: (1) defendant's tortious interference counterclaim falls within this court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a); and (2) the § 1367(c) factors do not warrant dismissal.

## II. Defendant's Motion for Leave to Amend Pleading

Defendant's proposed second amended pleading would also add (1) two counterclaims to correct the inventorship of the two patents-in-suit and (2) new facts supporting JCI's tortious interference claim.  Wildcat opposed these amendments only to the extent it includes a counterclaim for tortious interference with a contract for the reasons described above.  (Pl.'s Opp'n (dkt. #60.)  In light of the court's denial of Wildcat's motion to dismiss the counterclaim, as well as JCI moving to amend its pleading to add new facts within a reasonable time of learning of them, the court concludes that JCI has demonstrated good cause under Rule 16 to amend its pleading.

## III.  Parties' Joint Stipulation to Stay Litigation Pending *Inter Partes* Review

On December 27, 2013, JCI filed two petitions for *inter partes* review with the Patent Office, seeking review of the validity of all of the asserted patents in this litigation. Both parties then filed a joint stipulation to stay this action until (1) the Patent Office

either denies the petitions with respect to all claims or (2) the Patent Office issues a final written decision on some or all of the asserted claims.  (Dkt. #85.)   This relatively new process for reexamining patents addresses this court's past concern about its non-binding nature.  *See* 35 U.S.C. § 315(e)(2) ("The petitioner in an *inter partes* review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review.").  Even so, if opposed, the court would view skeptically any motion for a stay on this basis for many of the same reasons described by Judge Crabb in *Ultratec, Inc. v. Sorenson Communications, Inc.*, No. 13-cv-346-bbc, 2013 WL 6044407 (W.D. Wis. Nov. 14, 2013). Given that the parties here have jointly agreed to the stay and the results are binding, the court finds no sound basis to deny their motion notwithstanding the real possibility the lawsuit may be forced to continue at some point should the Patent Office decline to take up JCI's claims of invalidity or not decide them completely in their favor.[2]

Accordingly, the court will grant the joint stipulation, and direct the clerk's office to close this case and remove it from the active docket.  The case me be reopened after the Patent Office acts on JCI's pending petitions or for some other good cause.  The parties are free to engage in discovery as outlined in their joint stipulation pending this stay.

---

[2]  The court would also be less sanguine with a stay given the possibility of having to proceed with defendant's tortious interference claim were it not for the likelihood of it being mooted (or at least not worth pursuing) should the patents-in-suit be deemed invalid by the Patent Office and that determination be upheld by the Federal Circuit.

ORDER

IT IS ORDERED that:

1)  plaintiff Wildcat Licensing WI, LLC's motion to dismiss defendant Johnson Controls, Inc. (dkt. #48) IS DENIED;

2)  defendant's motion for leave to file a second amended answer, affirmative defenses and counterclaims (dkt. #53) is GRANTED;

3)  plaintiff's motion for partial summary judgment (dkt. #69) is DENIED AS MOOT without prejudice to refiling upon reopening; and

4)  the parties' joint stipulation to stay proceedings pending *inter partes* review (dkt. #85) is GRANTED.  The clerk's office is directed to close this case and remove it from the active docket.  The case may be reopened by motion of either party.

Entered this 22nd day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7